UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LINDA LARACH-COHEN, et al.,

        Plaintiffs,

  -v-                                                     No.  19 CV 7623-LTS-SDA

MEISHA PORTER[1], et al.,

        Defendants.

--------------------------------------------------------x

### Memorandum Order Denying Preliminary Injunction

        Plaintiffs Linda Cohen and Rolando Cohen ("Plaintiffs") bring suit on behalf of their son, M.C., a New York City student who has an individualized education program, against defendants New York City Department of Education ("DOE"), New York State Education Department ("SED"), and Meisha Porter in her official capacity as Chancellor of the New York City Department of Education (collectively "Defendants"), seeking equitable relief, damages, and a declaratory judgment in connection with Defendants' alleged failure to provide M.C. with a pendency placement for the 2019-2020 school year and administrative proceedings associated therewith. (Docket Entry no. 29, Second Amended Complaint ("SAC").)  Before the Court is Plaintiffs' application pursuant to Federal Rule of Civil Procedure 65 for preliminary injunctive relief requiring Defendant DOE to fund M.C.'s placement at iBRAIN pending adjudication of

---

[1]     Meisha Porter succeeded Richard Carranza as Chancellor of the New York City Department of Education on March 15, 2021, see Chancellor Meisha Porter (Mar. 30, 2021) https://www.schools.nyc.gov/about-us/leadership/doe-leadership-and-offices/chancellor, and is automatically substituted for Mr. Carranza as defendant pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of Court is respectfully directed to update the caption as set forth above.

Plaintiffs' claims for the 2019-2020 school year (Docket Entry no. 3).  (Docket Entry no. 4.) The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331.

In accordance with Federal Rule of Civil Procedure 52(a), this Memorandum Order constitutes the Court's findings of fact and conclusions of law.  To the extent any finding of fact includes a conclusion of law it is deemed a conclusion of law, and vice versa.

The Court has reviewed carefully all of the parties' submissions and evidence.  For the following reasons, the Court denies in its entirety Plaintiffs' motion for a preliminary injunction.

FINDINGS OF FACT

The Court finds the following undisputed, material facts.

M.C is a teenager who suffers from a brain injury and is classified as a student with a disability.  (Docket Entry no. 5, ("Albert Decl."), at ¶¶ 3-4.)  For the 2017-2018 school year, M.C. attended a nonpublic school, the International Academy of Hope ("iHOPE").  (Id. at ¶ 5.)  Plaintiffs had placed M.C. at iHOPE and subsequently instituted a due process hearing at which Plaintiffs claimed DOE had failed to offer M.C. a Free Appropriate Public Education ("FAPE") for the 2017-2018 school year.  (Id. at ¶ 6; id., Exh. G, at 3.)  The Impartial Hearing Officer ("IHO") issued a decision, dated March 5, 2018, finding that the district had failed to offer M.C. a FAPE, that iHOPE was an appropriate unilateral placement for M.C., and that the equitable considerations weighed in favor of an award of the costs of M.C.'s tuition and related services at iHOPE for the 2017-2018 school year.  (Id. at ¶ 7; id., Exh. B.)  DOE did not appeal the IHO's March 5, 2018, decision.  (Albert Decl., Exh. G, at 4.)

For the 2018-2019 school year, the school district developed an IEP for M.C. that provided for M.C.'s placement in a public-school. (Albert Decl., Exh. G, at 3.) Again, Plaintiffs moved M.C., this time to iBRAIN. (Albert Decl., at ¶ 8.) On July 9, 2018, Plaintiffs instituted a due process hearing, alleging that DOE did not provide M.C. with a FAPE for the 2018-2019 school year and requesting, among other things, an order requiring DOE to fund M.C.'s placement at iBRAIN during the pendency of the due process hearing. (Id. at ¶ 10.) On Oct. 3, 2018, the IHO in that case found that the placement at iBRAIN was substantially similar to M.C.'s placement at iHOPE and directed DOE to fund M.C.'s placement at iBRAIN as a pendency placement. (Id. at ¶ 13; id., Exh. F.) DOE appealed the IHO's order. (Albert Decl., at ¶ 14.)

On Dec. 31, 2018, the SRO issued its decision on the DOE's appeal in appeal (number 18-127), applying the substantial similarity principle and reversing the IHO's determination that iBRAIN was a pendency placement on factual grounds, holding that the record before the IHO did not support the determination of substantial similarity. (Id. at ¶ 17; id., Exh. G.) On April 30, 2019, Plaintiffs commenced a civil action in this Court requesting an order requiring the DOE to fund M.C.'s placement at iBRAIN from the 2018-2019 school year. (Albert Decl., at ¶ 18.) By Memorandum Opinion and Order dated March 30, 2021, this Court denied Plaintiffs' motion for summary judgment and granted DOE's motion for summary judgment, holding that Plaintiffs are not entitled to pendency payment for their unilateral placement of M.C. at iBRAIN for the 2018-2019 school year.

For the 2019-2020 school year, M.C. remained enrolled at iBRAIN. (Id. at ¶ 21.) On July 8, 2019, Plaintiffs instituted a due process hearing, alleging that DOE did not provide M.C. with a FAPE for the 2019-2020 school year and requesting, among other things, an order

requiring DOE to fund M.C.'s placement at iBRAIN during the pendency of the due process hearing. (Id. at ¶ 22; id., Exh. J.) Plaintiffs requested that the due process hearings for the 2018-2019 and 2019-2020 school years be consolidated; Plaintiffs' request was denied on July 23, 2019. (Albert Decl., at ¶¶ 22, 25; id., Exh. K.)

Plaintiffs move for a preliminary injunction requiring DOE to fund M.C.'s placement at iBRAIN, pursuant to the IDEA's stay-put provision, pending adjudication of Plaintiffs claims for the 2019-2020 school year. (Docket Entry no. 4, at 17.)

## CONCLUSIONS OF LAW

Ordinarily, a party seeking a preliminary injunction must demonstrate: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation"; (2) "that he is likely to suffer irreparable injury in the absence of an injunction"; (3) "the balance of hardships tips in the plaintiff's favor;" and that (4) the "public interest would not be disserved" by the issuance of a preliminary injunction. Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010). However, "where the IDEA's stay-put provision is implicated, the provision triggers the applicability of an automatic injunction designed to maintain the child's educational status quo while the parties' IEP dispute is being resolved." Ventura de Paulino v. New York City Dep't of Educ. et al., 959 F.3d 519, 529 (2d Cir. 2020); Zvi D. by Shirley D. v. Ambach, 694 F.2d 904, 906 (2d Cir. 1982) ("The statute substitutes an absolute rule in favor of the status quo for the Court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships"). Plaintiffs are therefore entitled to an injunction requiring DOE to fund M.C.'s placement at iBRAIN for the 2019-2020 school without analysis of the discretionary

provisions of the ordinary preliminary injunction standard <u>if</u> they demonstrate that iBRAIN is M.C.'s pendency placement under the IDEA's stay-put provision, as M.C.'s "then-current educational placement . . . is the only educational program the school district is obligated to pay for during the pendency of any IEP dispute."  <u>Ventura de Paulino</u>, 959 F.3d at 532; <u>id.</u> at 530 n.39 (vacating preliminary injunction because parents "cannot succeed on the merits of their pendency claim").

Plaintiffs cannot demonstrate that iBRAIN is M.C.'s pendency placement.  For the reasons stated in this Court's March 30, 2021, Memorandum Opinion and Order granting DOE's cross-motion for summary judgment in the related case of <u>Cohen v. New York City Department of Education</u>, 19-CIV-3863 (LTS) (Docket Entry no. 42), Plaintiffs' argument that iBRAIN is M.C.'s pendency placement based on its purported substantial similarity to the established pendency placement at iHOPE is foreclosed by the Second Circuit's decision in <u>Ventura de Paulino</u>.  Because "[p]arents are not entitled to receive public funding under the stay-put provision for a new school on the basis of its purported substantial similarity to the last agreed-upon placement," <u>Ventura de Paulino</u>, 595 F.3d at 537, Plaintiffs cannot succeed on their pendency claim.  Plaintiffs' request for a preliminary injunction is therefore denied.

CONCLUSION

For the forgoing reasons, Plaintiffs' motion for a preliminary injunction is denied in its entirety.

This Memorandum Order resolves Docket Entry number 3.

This case remains referred to Magistrate Judge Aaron for general pretrial management.

SO ORDERED.

Dated: New York, New York
March 30, 2021

                                                 /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge