UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LARACH-COHEN, et al.,

    Plaintiffs,

  -v-                                                          No.  19 CV 7623-LTS-SDA

MEISHA PORTER[1], et al.,

    Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

Plaintiffs Linda Larach-Cohen and Rolando Cohen (collectively "Plaintiffs") bring this action, as parents of M.C., against defendants Meisha Porter, in her official capacity as Chancellor of the New York City Department of Education, New York City Department of Education ("DOE"), and New York State Education Department ("SED") (collectively "Defendants"), asserting claims pursuant to the Individuals with Disabilities Education Act 20 U.S.C. section 1400 et seq. (the "IDEA"), 42 U.S.C. section 1983, and New York Education Law sections 4404 and 4410.  (Second Amended Complaint ("SAC"), Docket No. 29, at ¶¶ 38-40.)  Before the Court is SED's motion to dismiss Plaintiffs' Second Amended Complaint as against SED for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of

---

[1]     Meisha Porter succeeded Richard Carranza as Chancellor of the New York City Department of Education on March 15, 2021, see Chancellor Meisha Porter (Mar. 30, 2021) https://www.schools.nyc.gov/about-us/leadership/doe-leadership-and-offices/chancellor, and is automatically substituted for Mr. Carranza as defendant pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of Court is respectfully directed to update the caption as set forth above.

Civil Procedure 12(b)(6).  (Docket Entry no. 37.)  The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331.

The Court has reviewed carefully all of the parties' submissions and, for the following reasons, grants SED's motion to dismiss the SAC as against SED.

## BACKGROUND

The following is a summary of the material facts as alleged in the SAC, the well pleaded factual allegations of which are assumed to be true for the purposes of this motion practice.

M.C is a teenager who suffers from a brain injury and is classified as a student with a disability.  (Docket Entry no. 5, ("Albert Decl."), at ¶¶ 3-4.)  For the 2017-2018 school year, M.C. attended a nonpublic school, the International Academy of Hope ("iHOPE").  (Id. at ¶ 5.)  For the 2018-2019 school year, the school district developed an IEP for M.C. that provided for M.C.'s placement in a public school.  (Albert Decl., Exh. G, at 3.)  Plaintiffs moved M.C. to iBRAIN.  (Albert Decl., at ¶ 8.)  On July 9, 2018, Plaintiffs instituted a due process hearing, alleging that DOE did not provide M.C. with a Free Appropriate Public Education ("FAPE") for the 2018-2019 school year and requesting, among other things, an order requiring DOE to fund M.C.'s placement at iBRAIN during the pendency of the due process hearing.  (Id. at ¶ 10.)  On Oct. 3, 2018, the IHO in that case directed DOE to fund M.C.'s placement at iBRAIN as a pendency placement.  (Id. at ¶ 13; id., Exh. F.)  DOE appealed the IHO's order.  (Albert Decl., at ¶ 14.)  On Dec. 31, 2018, the SRO issued its decision on the DOE's appeal, reversing, on factual grounds, the IHO's determination that iBRAIN was a pendency placement.  (Id. at ¶ 17; id., Exh. G.)

On April 30, 2019, Plaintiffs commenced a civil action in this Court requesting an order requiring the DOE to fund M.C.'s placement at iBRAIN from the 2018-2019 school year. (Albert Decl., at ¶ 18.) By Memorandum Opinion and Order dated March 30, 2021, in case number 19-CIV-3863, this Court denied Plaintiffs' motion for summary judgment and granted DOE's motion for summary judgment, holding that Plaintiffs are not entitled to pendency payment for their unilateral placement of M.C. at iBRAIN for the 2018-2019 school year.

For the 2019-2020 school year, M.C. remained enrolled at iBRAIN. (Id. at ¶ 21.) On July 8, 2019, Plaintiffs instituted a due process hearing, alleging that DOE did not provide M.C. with a FAPE for the 2019-2020 school year and requesting, among other things, an order requiring DOE to fund M.C.'s placement at iBRAIN during the pendency of the due process hearing. (Id. at ¶ 22; id., Exh. J.) Plaintiffs requested that the due process hearings for the 2018-2019 and 2019-2020 school years be consolidated; Plaintiffs' request was denied on July 23, 2019. (Albert Decl., at ¶¶ 22, 25; id., Exh. K.) Six IHOs subsequently recused themselves from presiding over the 2019-2020 due process hearing. (SAC, at ¶¶ 26-31.) As of the last submission in connection with this motion practice, DOE had been unable to secure the services of an IHO for that hearing since July 8, 2019. (Docket Entry no. 47, at 2.)

Defendant SED moved to dismiss the Amended Complaint on September 11, 2019. (Docket Entry no. 27.) Plaintiffs subsequently filed the SAC, alleging that SED is responsible, pursuant to the IDEA and the New York Education Law, for the "appointment of IHOs to timely adjudicate due process complaints and the supervision of IHOs." (SAC, at ¶ 33.) Plaintiffs further allege that SED did not appoint or direct DOE to appoint an IHO to adjudicate Plaintiffs' 2019-2020 due process complaint. (SAC, at ¶ 34.) Defendant SED moves pursuant to

Federal Rule of Civil Procedure 12(b)(6) to dismiss the SAC for failure to state a claim upon which relief can be granted.  (Docket Entry no. 37.)

## DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations within the complaint and draws all reasonable inferences in favor of the Plaintiff.  See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A complaint is insufficient where it contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Id.

The SED argues that it is not a proper party to Plaintiffs' claims under the IDEA. (Docket Entry no. 38, at 7.)  While SED "is an agency of New York State that is entitled to Eleventh Amendment immunity," Y.D. v. N.Y.C. Dept. Of Education, No. 14-CIV-1137 (LTS), 2016 WL 698139, at *3 (S.D.N.Y. Feb. 19, 2016) (citing Board of Education of the Pawling Central School District v. Schutz, 290 F.3d 476, 480 (2d Cir. 2002)), New York has waived its sovereign immunity with respect to IDEA claims.  Schutz, 290 F.3d at 480.  The existence of a statutory right of action is a question of statutory construction, see County of Westchester v. New York, 286 F.3d 150, 152 (2d Cir. 2002), and the Second Circuit has held that section 1415(i)(2)(A) of the IDEA makes available a private right of action for a complaint that the local

educational authority failed to provide a FAPE.  Y.D., 2016 WL 698139, at *4 (citing Westchester, 286 F.3d at 152).  The Supreme Court has stated clearly that this is the only private right of action available under the IDEA.  Fry v. Napoleon Community Schools, 137 S. Ct. 743, 755 (2017) ("the only relief the IDEA makes available is relief for the denial of a FAPE") (internal quotations omitted).  Courts in this circuit have held that SED is not a proper party for claims brought pursuant to 20 U.S.C. section 1415 because local educational agencies, not state agencies, are participants in the IEP process and are therefore the proper parties for any controversy over whether an individual was provided a FAPE.  See Y.D., 2016 WL 698139, at *5 (collecting cases); B.J.S. v. State Education Dept., 699 F. Supp. 2d 586, 600 (W.D.N.Y. 2010) (collecting cases); Ventura De Paulino v. New York City Dep't of Educ., No. 19-CIV-222 (GBD), 2019 WL 2499204 (S.D.N.Y. May 31, 2019) (citing Y.D. for approval, in dicta).  Accordingly, to the extent the SAC seeks to assert a violation of the IDEA pursuant to 20 U.S.C. section 1415, SED is not a proper party and the SAC fails to state a claim upon which relief can be granted.

        Plaintiffs argue that they "are not appealing from an unfavorable decision of the SRO," but instead seek injunctive relief directing SED to "perform its specific regulatory duties."  (Docket Entry no. 47, at 5.)  Plaintiffs argue that the SAC states a claim that SED failed to oversee and supervise the appointment of an IHO in Plaintiffs' due process proceeding, a duty imposed by section 1412(a)(11)(A) of the IDEA and codified in New York State regulations.  (SAC, at ¶ 40; Docket Entry no. 47, at 3.)  However, as noted above, the IDEA did not create a private right of action to remedy violations of section 1412.  Furthermore, every court in this circuit to have considered the question has rejected the argument that the IDEA's private right of action under section 1415 authorizes claims against a state agency "rooted in the State's general

supervisory role under the IDEA." Y.D., 2016 WL 698139, at *5; see also B.J.S., 699 F. Supp. 2d at 602. Plaintiffs' reference to specific New York regulations promulgated to implement the IDEA (Docket Entry no. 47, at 4-5) does not militate against the fact that "the IDEA establishes no specific requirements with respect to a state educational agency's supervisory responsibilities." Y.D., 2016 WL 698139, at *5 (internal quotation omitted); see also Gulino v. New York State Educ. Dep't, 460 F.3d 361, 366 (2d Cir. 2006) (holding state education department was not a party to a Title VII action based on specific supervisory powers absent direct control over day-to-day operations of the local school board).[2] Without a private right of action authorizing claims against New York state agencies for an alleged failure to properly exercise their supervisory authority pursuant to 20 U.S.C. section 1412, the SAC fails to state a claim upon which relief can be granted.

To the extent the SAC attempts to state a claim for relief against SED arising from state law, it is well established that this Court lacks jurisdiction to grant declaratory or injunctive relief against a state agency. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 121 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh

---

[2] Plaintiffs cite Engwiller v. Pine Plains Cent. Sch. Dist., 110 F. Supp. 2d 236 (S.D.N.Y. 2000), for the proposition that SED's specific failure to ensure a timely decision by the IHO states a claim for liability. However, the plaintiff's claim in Engwiller – that SED's procedural safeguards were inadequate to meet the State's obligation under the IDEA to make sure the IHO issued a timely decision – was "brought exclusively under section 1415 of the IDEA." Id. at 246. Plaintiffs' reliance on Engwiller is therefore inapposite where, as explained herein, the great weight of subsequent cases in this district have held that SED is not a proper party for claims brought pursuant to section 1415 of the IDEA. See discussion supra.

Amendment").

## CONCLUSION

For the forgoing reasons, SED's motion to dismiss the SAC as against SED is granted. The Clerk of Court is respectfully directed to terminate SED's involvement in this case.

Plaintiffs and the remaining Defendants are hereby directed to meet and confer and, no later than two weeks from the date of this order, file a status report addressing whether an IHO has been appointed, whether the underlying due process proceeding has concluded, and whether the SAC should be dismissed as against the remaining defendants in light of the Court's Memorandum Order denying Plaintiffs' request for a preliminary injunction (Docket Entry no. 56) and the Court's decision granting Defendant DOE's motion for summary judgment in 19-CIV-3863. (Docket Entry no. 42.)

This Memorandum Opinion and Order resolves Docket Entry numbers 27 and 37.

SO ORDERED.

Dated: New York, New York
       March 30, 2021

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge